BALTIMORE CITY CIRCUIT COURT
Case Number: 24-O-13000-528

# DOC. 23/1

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| JOHN E. DRISCOLL, et al : | |
| Plaintiff : | |
| v. : | Case 24-O-13-000528 |
| RENEE L. McCRAY : | |
| Defendant : | |

### SUBSTITUTE TRUSTEES OPPOSITON TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ADMISSIONS AND INTERROGATORIES AND MOTION FOR PROTECTIVE ORDER STRIKING ALL DISCOVERY

COMES NOW the Plaintiffs, Substitute Trustees, by and through their undersigned counsel, Robert H. Hillman, Daniel J. Pesachowitz and Samuel I. White, P.C. and moves to strike the Defendant's Notice of Discovery, including Interrogatories and Requests for Production of Documents, and Admissions and further seeks a Protective Order from same and that no discovery be had, and for reasons, states as follows:

### UNDISPUTED FACTS

The instant matter arises out of a foreclosure action which was originally filed by the Substitute Trustees on February 12, 2013.

The instant matter arises out of a money loan (refinance) that originated on October 7, 2005. The Deed of Trust is recorded among the Land Records of Montgomery County in Liber 6830 at folio 938 et seq. The loan went into default in May 2012 for non-payment and the instant action was filed on February 12, 2013. It is undisputed that the Defendant is in default under her obligations and she does not dispute the allegations set forth in the Notice of Intent to Foreclose

that was sent to her before the instant action was docketed. At that juncture the Defendant did not seek any declaratory action prior to the institution of the instant action.

The Original Promissory Note is in the possession of the secured parties

The Order to Docket was served on the Defendants on February 28, 2013 by posting and by mail.. See Docket entries 9 and 10.

On May 1, 2013 the Defendant requested mediation, and it was held on June 26, 2013.

On or about July 9, 2013, the Defendant filed her instant motion seeking to stay the foreclosure sale.

In the interim on May 23, 2013, the Defendant filed (pro se) a separate action in the United States District Court for the District of Maryland, *McCray v Federal Home Loan Mortgage Corporation et al* 1:13-cv-001518-GLR asserting the very issues that she has raised in her Motion to Stay filed in the instant matter. At this time there are pending Motions to Dismiss filed by all named Defendants in that action..

## ARGUMENT

The Defendant's Notice of Discovering, including Interrogatories, Request for Admissions and Request for Production of Documents, must be struck.. Initially, the instant action is a foreclosure proceeding and is an in rem proceedings exercising a "power of sale" provided for under the security interest, and it governed by Title 14 of the Rules of Civil Procedure. A foreclosure proceeding in Maryland is equitable in nature. *Plaza Corp. v. Alban Tractor Co.*, 219 Md. 570,577-78, 151 A.2d 170, 174 (1959) ("Foreclosure of mortgages after default has been peculiarly within a court of equity's jurisdictional powers…"; See also *Village Green Mut. Homes, Inc. v. Randolph*, 361 Md. 179, 181 n 1, 760 A.2d 716, 717 n.1 (2000); *Fairfax Sav. F.S.C. v. Kris Jen Ltd. P'ship*, 228 M.D. 1, 21, 665 A.2d 1265, 1275 (1995); *Ver*

*Brycke v. Ver Brycke*, 150 Md. App. 623, 649 n. 16, 822 A.2d 1226, 1241 n. 16 (2003) (citing Dan B. Doobs, Law of Remedies, Section 2.(3), at 111-12 (2d Ed. 1993)), rev'd on other grounds, 379 Md. 669, 843 A.2d 758 (2004); *Voge v. Olin*, 69 Md. App. 508, 514-15, 518 A.2d 474, 477 (1986).

The Defendant seeking the discovery implies that a "complaint" has been filed as though it was a in-personam civil action. An in-personam action which is governed under Title 2 of the Rules of Procedure is defined with the commencement of an action under 2-101(a), filing of a "complaint". Thereafter, under a Title 2 action, what "pleadings" are permitted to be filed are specifically under Rule 2-301, again defining a "complaint" as a "pleading" under Rules 2-203 (Forms of Pleadings); 2-203 (Pleading Certain Matters); and 2-305 (Claims for Relief). On the other hand, Title 14, Rule 12-207(a) defines what "pleadings" are permitted and Rule 14-204 defines the Institution of the Action. Indeed, as a foreclosure proceeding, Md Rule 14-207(a) does not provide for a "complaint" to be filed, but calls for an Order to Docket in conformity with MD Real Property Article 7-105 to be filed to institute a foreclosure action like the instant case. See Rule 14-207(a)(1).

In this regard, the Court Appeals in *Saunders v. Stradley*, 25 Md. App. 85, 95, 333 A.2d 04, 609-10 (1975), held that an Order to Docket was not a "pleading". Accord *Northtrip v. Beale*, 170 Md. 439, 170 Md 439, 494, 184 A900, 902 (1936) (a report of sale is not a "pleading"). Furthermore, the Order to Docket need not make factual allegations sufficient to show a right to proceed. No process is issued or served upon the filing of an order to docket. It is not designed to be answered, denied, or traversed, so as to arrive at issues. Id., *Sanders* 25 Md. App. At 94, 333 A2d at 609-10. It neither broadens nor narrows the scope of the court's function in the case. It does not, without more, call upon the court to decide whether a

complaining party is entitled to equitable relief. *Ruley v. Hyland*, 77 Md. 487, 26 A. 1038 (1893). Again, a Order to Docket in an "in rem" proceeding it is not a pleading to which one can file discovery in and as such the request to undertake discovery must be denied.

Indeed in the matter of *Jones v Rosenberg*, even when there is a "counterclaim" filed in an original in rem proceeding, a party is still required to proceed with Leave of Court to undertake such discovery. See of *Jones v Rosenberg*, 178 Md.App. 54, 940 A.2d 1109 (2008).

Finally, it appears that the Defendant in seeking discovery in July, 2013 in the instant action is actually trying to obtain same for her action in the federal action. To do so there as well prior to the scheduling Order, discovery is not permitted. See US District Court of Maryland Local Rule 103.9(a) and Fed R. Civ. P. 16(b). Insofar as no scheduling order has been issued by the Court and there are pending Motions to Dismiss filed by all parties, the attempted discovery is actually an abuse of the Rules by the Defendant and improper. The Defendant cannot do indirectly which she can not do directly.

Insofar as the Defendant is not entitled to seek discovery in an in rem proceeding and even if she could, she has not sought leave of court in this equity action to undertake discovery and to allow same would allow the circumvention of the Federal Rules in the Federal Court, this Court must strike the sought discovery and issue a Protective Order directing that such discovery not be had at all in this matter. If she wishes to proceed with discovery it must be in the Federal Action she has filed. As such, this Court must issue the Protective Order in a manner similar to that called for under Md. Rule 2-403

## CONCLUSION

For the reasons state above the sought discovery of Request for Production of Documents, Request for Admission and Interrogatories should be denied and struck forthwith

22ee/L:\98\00133 McCray\Opposition to Production Documents.docx/7/18/2013

and this Court should enter an Protective Order that the said discovery not be had in whole or part.

**WHEREFORE**, the premises considered, the Plaintiffs as Substitute Trustees prey that this Court:

1. Strike the Defendant's Notice of Discovery, including a Interrogatories, Request for Admissions and Request for Production of Documents

2. That the Court issue a Protective Order that the said discovery not be had in whole or part of the Substitute Trustees

3. For such further and other relief that the Court deem just and proper under the circumstances.

Respectfully submitted,

Samuel I. White, PC

_____
Robert H. Hillman

_____ by (rw w/consent)
Daniel J. Pesachowitz, Esquire
611 Rockville Pike, Suite 100
Rockville, MD 20852
Tel (301) 804-3385
Fax (301) 838-1954
rhillman@siwpc.com
Counsel for Substitute Trustees

22cc/L:\98\00133 McCray\Opposition to Production Documents.docx/7/18/2013

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on ____18th____, 2013, I mailed, by first class mail, postage prepaid, a copy of the foregoing to Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Defendant.

_____
Robert H. Hillman