IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

(SOUTHERN DIVISION)

| | |
|---|---|
| JOHN E. DRISCOLL III | : |
|    Plaintiff/Substitute Trustees | : |
|       v. | : Case 1:16-cv-1791-PJM |
| RENEE L. MCCRAY | : |
|    Defendants | : |

## SUBSTITUTE TRUSTEES OPPOSION TO DEMAND FOR DISMISSAL AND MOTION TO STRIKE COUNTERCLAIM

Comes now Robert H. Hillman, and Samuel I. White, PC as counsel for the Substitute Trustees, John E. Driscoll, II, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena Reynolds (the individuals collectively hereinafter referred to as "the Substitutes Trustees") and Oppose the Defendants Demand for Dismissal and moves strike the Counterclaim filed by the Defendants pursuant to Fed Rule Civ. P. Rule 12(f)(2), and for reasons states as follows:

FATUAL BACKGROUND

The Substitute Trustees for judicial simplicity and expediency, adopt the Factual Background of their Opposition to Removal and Motion for Remand, incorporates same by reference and prays that it be read as part hereof.

DISCUSSION

In the instant case the Defendant sought an untimely removal of the State Action foreclosure proceeding to this Court and has attempted to tie same to a claim in a separate proceeding also before this Court (McCray vs Samuel I White PC Case No 8:16-cv-00934 PJM). A response to the removal and a request to remand same shas been filed by the Substitute

Trustees. In a circular response, the Defendant seeks to bootstrap herself to avoid such a remand by now filing a "Counterclaim" in this Court in the instant matter.

Here, it is appropriate for this Court to strike the instant Counterclaim and Demand for Dismissal pursuant to Rule 12(f)[1] . Clearly, the pleading is designed for delay of the foreclosure proceeding which is the goal of the Defendant and is immaterial, and asserts prejudicial contentions which she has repeated raised in this Court in prior proceedings as well as in the State Court. in the State Court, these very issues have been completely discounted, and have been previously adjudicated there. Obviously, preclusion doctrines would inhibit there re-institution here. A district court "may exercise its discretion to grant [a] motion to strike." *Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 8 (D.D.C.2004).

As previously broached in the Motion to remand a civil action is removable only if the action could have been brought initially in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants ..."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A defendant desiring to remove a case bears the burden of establishing that original subject matter jurisdiction lies in the federal courts, and all doubts regarding the appropriateness of removal are to be resolved in favor of remand. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32–33, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002); *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 534 (6th Cir.1999). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harnden v. Jayco, Inc*., 496 F.3d 579, 581 (6th

---

[1] Rule 12(f) of the Federal Rules of Civil Procedure states: "Motion to Strike. Upon motion made by either party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by either party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).

Cir.2007) (quoting *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir.2004)). In any event, "[r]emoval statutes ... must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir.2011). Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court. See *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004) (en banc) (citing *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994)).

In this regard, the Court must consider that while a foreclosure action and the Order to docket are not deemed pleading under Maryland law, as the matter is an in rem proceeding. See *Saunders v. Stradley*, 25 Md.App. 85, 333 A.2d 604, 610 (Md.Ct.Spec.App.1975). Here, which is contrary to the factual pattern in this Courts decision in Cohn v Charles 857 F. Supp. 2d 544 (D. Md. 2012), the counterclaim now filed was not filed within the state proceeding and cannot now be filed therein. Md. Rule 2-311(d) requires that such a pleading to have been file had to be filed no longer that 30 days after the time called for when the parties answer is to be filed. As stated above, there is no answer filed to Orders to Docket, but as the Maryland Courts of Appeal have repeated stated, the first opportunity to challenges a foreclosure is the filing of a Motion to Stay or Dismiss pursuant to Md. Rule 14-211.  IN the State Action which the Substitute Trustees have requested that this Court take judicial notice, <u>Driscoll v McCray</u>, Baltimore City Circuit Court action 24O13000528, McCray sought mediation on May 1, 2013. (Md. Docket No 15/0). The mediation concluded on June 26, 2013 (Md. Dkt No 19/0 and 20/0). Here,  pursuant to Md. Rule 14-211(a)(2)(iii)(a) McCray had 15 days to file from June 26, 2013 (no later than July 12, 2013) to file her Motion to Stay or Dismiss. Therefore, this being the initial pleading to respond to, under Md. Rule 2-311, Mc Cray had an additional 30 days to file her Counterclaim, or August

11, 2013, to file. Clearly under Maryland Rules McCray is far outside of her right to proceed with any counterclaim, irrespective that Maryland is not a compulsory filing jurisdiction. Clearly this Court must construe same and see that it is done solely as a bootstrapping mechanism for delaying the foreclosure proceeding. See *Cohn*, 857 F. Supp 2d at 548 citing *Palisades Collections*, 552 F.3d at 333 (4th Cir. 2008)("[W]e easily conclude that an additional counter-defendant is not a "defendant" for purposes of [28 U.S.C.]§ 1441(a).").

    Secondly, the pleading fails to comply with any rules providing for any such a pleading entitled a "Demand for Dismissal". There is no claim for which such a defense could arise in this Court. Even if the Trustees were "defendants" in the state proceeding, inasmuch as the federal question arises only from the Counterclaim—not from the Order to Docket—the Court lacks jurisdiction under the well-pleaded complaint rule. See *Holmes Group*, 535 U.S. at 831, 122 S.Ct. 1889; *Jacob v. Hinds*, No. 10–2103, 2010 WL 3782008, at *2 (D.Md. Sept. 23, 2010) ("Here, there is no federal question presented by the Order to Docket Foreclosure of Residential Property or the accompanying papers filed by Plaintiffs in state court .... Thus, the removal cannot be sustained in this court on the basis of federal question jurisdiction.").

    Thirdly, the pleading fails to comply with Fed. R. Civ P. Rule 8(a).

    In recent years, with the recognized problems created by "strike suits," see 5A Wright & Miller, Federal Practice and Procedure, § 1296, at 46 & n. 9,2 and the high costs of frivolous litigation, the Supreme Court has brought to the forefront the Federal Rules' requirements that permit courts to evaluate complaints early in the process. Thus, in *Iqbal*, the Court stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to '*state a claim to relief that is plausible on its face.*' " *Ashcroft v. Iqbal*, 556U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard requires a plaintiff to demonstrate <u>more than</u> "a sheer possibility that a defendant has acted unlawfully." Id. It requires the plaintiff to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.' " *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

To emphasize the Federal Rules' requirements for stating claims that are warranted and therefore form a plausible basis for relief, the Supreme Court has held that a *complaint must contain "more than labels and conclusions*, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (italic emphasis added). To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks omitted). See discussion in *Francis v. Giacomelli* 588 F. 3d 186, 192 (4th Cir. 2009)

Accordingly, as the pleading has no reference to any pleading before the Court and the Counterclaim is clearly untimely and fails to comply with the most basic pleading requirements under the Rules or case law, then a Rule 12(f) striking of the pleading is appropriate.

CONCLUSION

For the reasons stated herein, the Defendants pleading titled Demand for Dismissal and Counterclaim must be struck forthwith.

5

Respectfully Submitted:
Samuel I. White, PC

/s/ Robert H. Hillman

Robert H. Hillman, MD Bar No. 06910
611 Rockville Pike #100
Rockville, MD 20852
  301-804-3385
  Fax 301-838-1954
rhilllman@siwpc.com
Attorney for the Plaintiffs the Substitute Trustees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2016 I filed via CM/ECF and served by first class mail, postage prepaid, a copy of the foregoing to: Renee L. McCray, 109 North Edgewood Street, Baltimore, MD 21229, Plaintiff;

/s/ Robert H. Hillman