IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RENEE MCCRAY,** | * | |
| | * | |
| Plaintiff, *pro se* | * | |
| | * | |
| v. | * | Civil No. PJM 16-934 |
| | * | |
| **JOHN E. DRISCOLL, III** | * | |
| **ROBERT E. FRAZIER,** | * | |
| **JANA M. GANTT, LAURA D. HARRIS,** | * | |
| **KIMBERLY LANE, DEENA REYNOLDS,** | * | |
| **AND SAMUEL I. WHITE, P.C.,** | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| **JOHN E. DRISCOLL, III** | * | |
| **ROBERT E. FRAZIER,** | * | |
| **JANA M. GANTT, LAURA D. HARRIS,** | * | |
| **KIMBERLY LANE AND** | * | |
| **DEENA REYNOLDS** | * | |
| | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. PJM 16-1791 |
| | * | |
| **RENEE MCCRAY,** | * | |
| | * | |
| Defendant, *pro se* | * | |
| | * | |

## **MEMORANDUM OPINION**

The parties are before the Court on two separate matters. In Civil No. PJM 16-934, Renee McCray, *pro se,* has brought a claim against John E. Driscoll, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, Deena Reynolds, and the law firm that employs them, Samuel

1

I. White, P.C., ("Trustees"), alleging a violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq* ("FDCPA case"). In Civil No. PJM 16-1791, McCray removed to this Court the foreclosure action against McCray's property filed by the Trustees in the Circuit Court for Baltimore City ("foreclosure case").

McCray's FDCPA case, PJM Civil No. 16-934, has, earlier this month, been significantly impacted by an opinion of the U.S. Court of Appeals for the Fourth Circuit, *McCray v. Federal Home Loan Bank, et. al.,* 2016 WL 5864509 (4th Cir. Oct. 7, 2016). In that opinion, the appellate court reversed a holding by Judge Russell of this court who dismissed a lawsuit brought by McCray against the very same defendants she has sued here, alleging the very same violations of the FDCPA she alleges here. Because that case has now been remanded to Judge Russell's court to determine whether the White Firm and the Substitute Trustees "as debt collectors, violated the FDCPA," this Court, with the consent of Judge Russell, will direct the clerk to **REASSIGN** this case to Judge Russell.

As for the removed state foreclosure proceeding – which was not part of the McCray case recently decided by the Fourth Circuit – the Court recognizes that the claims therein may be "so related to claims within . . . [its] original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C. §1367 (a). Accordingly, rather than this Court deciding whether or not supplemental jurisdiction should by exercised over the removed foreclosure action, both this Court and Judge Russell have agreed that it would be better for Judge Russell to make that determination.

Accordingly, the Court will also direct the clerk to **REASSIGN** the case of Driscoll, et.al. v. McCray, the foreclosure action, for him to decide.

A separate order will **ISSUE.**

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 20, 2016**