UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 20, 2017

MEMORANDUM TO PARTIES RE:      John E. Driscoll, III, et al. v. Renee L. McCray
Civil Action No. GLR-16-1791

Dear Parties:

Pending before the Court is Plaintiffs'[1] Motion for Remand (ECF No. 11).[2] No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motion.

Plaintiffs are substitute trustees in a state foreclosure action against Defendant Renee L. McCray (the "State Foreclosure Action").[3] McCray removed the State Foreclosure Action to this Court on June 2, 2016. (ECF No. 1). In her Notice of Removal, McCray appears to assert that this Court has removal jurisdiction over the State Foreclosure Action because McCray has a federal claim against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (2012). On June 23, 2016, Plaintiffs moved to remand the State Foreclosure Action back to the Circuit Court for Baltimore City, Maryland. (ECF No. 11).

The party seeking removal carries the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). The Court must strictly construe removal jurisdiction because removal jurisdiction raises significant federalism concerns. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). Accordingly, if federal jurisdiction is doubtful, the Court should grant a motion to remand. Id. (citation omitted).

---

[1] Plaintiffs include John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, and Deena L. Reynolds.

[2] Also pending are seven other motions: (1) Motion to Consolidate (ECF No. 8); (2) Motion for Protective Order (ECF No. 25); (3) Motion to Strike Affidavit (ECF No. 28); (4) Motion to Hold Case in Abeyance (ECF No. 52); (5) Second Amended Motion to Stay Foreclosure (ECF No. 64); (6) Motion to Strike Counterclaim (ECF No. 69); and (7) Consumer's Communication to Voluntarily Withdraw Motion to Consolidate (ECF No. 75). The Court will deny these Motions as moot.

[3] It appears the Plaintiffs initiated the State Foreclosure Action in 2013. (Notice of Removal ¶ 1, ECF No. 1).

A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a) (2012). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331 (2012), or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a) (2012). Under the well-pleaded complaint rule, federal question jurisdiction does not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint. Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001). "A federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds." Wittstadt v. Reyes, 113 F.Supp.3d 804, 806 (D.Md. 2015).

In her Notice of Removal, McCray states that this Court has removal jurisdiction based on 28 U.S.C. § 1331. (Notice of Removal ¶ 2). She then cites several sections of the FDCPA and asserts that "[t]his action is being removed under Federal Question and 15 U.S.C. [§] 1692i." (Id. ¶¶ 4, 5, 7). But even assuming McCray has properly asserted a counterclaim under the FDCPA, a counterclaim cannot serve as the basis for removal on federal question grounds. Wittstadt, 113 F.Supp.3d at 806. No federal claims appear on the face of the State Foreclosure Action. See Columbia Gas, 237 F.3d at 370. Accordingly, the Court will grant Plaintiffs' Motion.

For the foregoing reasons, Plaintiffs' Motion for Remand (ECF No. 11) is GRANTED. The following Motions are DENIED AS MOOT: (1) Motion to Consolidate (ECF No. 8); (2) Motion for Protective Order (ECF No. 25); (3) Motion to Strike Affidavit (ECF No. 28); (4) Motion to Hold Case in Abeyance (ECF No. 52); (5) Second Amended Motion to Stay Foreclosure (ECF No. 64); (6) Motion to Strike Counterclaim (ECF No. 69); and (7) Consumer's Communication to Voluntarily Withdraw Motion to Consolidate (ECF No. 75). Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and mail a copy to McCray at her address of record, REMAND this case to the Circuit Court for Baltimore City, and CLOSE this case.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge